BUCKEYE PIPE LINE COMPANY, APPLICATION, IN RE.

Public Utilities Commission.

No. 27998.   Decided November 6, 1958.

*Mr. Allen G. Rorick,* of *Messrs. Baker, Hostetler & Patterson,* for the applicants.
No protestants.

*Finding and Order*

The Commission coming now to consider the above-entitled Application; the testimony adduced at public hearing; the written Report of its Attorney-Examiner, James L. Fullin; being otherwise fully advised in the premises, and in compliance with Section 4903.09, Revised Code, renders its Finding and Order herein.

*Resume of the Record:*

The Commission hereby adopts as its own as if fully re-written herein the Summary of Evidence in Support of the Application, the Nature of the Application, and the Discussion of Applicant's Exhibits, as the same are contained in the Report of its Attorney-Examiner.

*Commission Discussion:*

The Commission hereby adopts as its own as if fully re-written herein the Examiner's Discussion as the same is contained in the Examiner's written Report, and in the interest of clarity hereby reiterates the following portion of that Discussion:

From a review of all the testimony and, especially, of the exhibits set forth above, the Examiner concludes that the Application is well-made and should be granted.. This case, being filed under the "Miller Act," Sections 4905.20 and 4905.21, Revised Code, again requires this Commission to make the statutory evaluation of the benefits, which will flow to the Applicant proposing to discontinue this facility, against the detriment to the public making use of such facility; and to arrive at a conclusion as to whether or not the proposal of the Applicant is reasonable. In this instance, the Examiner has little difficulty in making the equation or in finding that the proposal to abandon is reasonable. The evidence clearly indicates that the area in question is one of declining oil productivity. This has resulted in an over-all steady decline in the amount of usage of the Applicant's transportation facilities for a period of years. This situation has been coupled with the steadily increasing costs similar to those experienced by all industry and transportation media, which together have resulted in the steady and increasing loss experienced by this Applicant Company. The Applicant's exhibits, which have been detailed above, need not be reviewed further here. Such exhibits clearly indicate a very

slight usage by the shipping public. The evidence further indicates that a substitute arrangement, apparently entirely satisfactory, in nature, has been arranged in substitution for the service of this Applicant. These facts when coupled with the information contained in Applicant's exhibit clearly justify, even demand, the abandonment here sought. Using only items of direct out-of-pocket costs, as set forth in the accounts prescribed by the Interstate Commerce Commission, and making no allowances whatever for calculated or general expenses, the Applicant has, during the period from September 1, 1956 to September 30, 1958 experienced a direct net out-of-pocket loss of $194,334.00. This substantial loss coupled with the slight and steadily declining public use of the service prompts a recommendation that this Application be promptly granted.

*Ultimate Findings*:

The Commission adopts as its own the following Ultimate Findings taken from the Report of its Examiner:

From the testimony and exhibits, the Examiner makes the following Ultimate Findings:

(1) That this Application is filed and the Commission has jurisdiction by virtue of the provisions of Sections 4905.20 and 4905.21, Revised Code;

(2) That the Applicant has duly published notice of the pendency of this proceeding and otherwise complied with this Commission's Entry with regard to the publication and service of notice;

(3) That, in this Application, the Buckeye Pipe Line Company proposes to abandon its facilities in Washington, Noble and Monroe Counties formerly devoted to the transportation of oil and petroleum products by pipe line;

(4) That the area affected, which is one of declining oil productivity, has, for a considerable amount of time produced a steadily declining demand for the Applicant's service;

(5) That the Applicant has during the same period experienced a concomitant increase in its costs of operation;

(6) That, by virtue of the slight usage being made by the shipping public and in view of the serious financial losses experienced by this Applicant, the Application is reasonable; and

(7) That the above-entitled Application is well made and should be granted, having due regard for the welfare of the public and the cost to the utility of operating this service or facility sought to be abandoned.

Order

It is, therefore

Ordered, That the written Report of the Attorney-Examiner be adopted to the extent set forth herein. It is, further

Ordered, That the Application be granted and after the giving of 15 days notice thereof by posting in its pump stations a written notice of the date of the termination of service, the service be abandoned in accordance with the prayer of the Application. It is, further

Ordered, That the Applicant, Buckeye Pipe Line Company, be authorized and directed, forthwith to amend its tariff schedules in conformity with the Order of the Commission.

The Public Utilities Commission of Ohio

| | |
|---|---|
| Entered in Journal | Everett H. Krueger, Jr., Chairman |
| November 6, 1958 | Ralph A. Winter |
| A true Copy: | Edward J. Kenealy |
| W. E. Herron | Commissioners |
| W. E. Herron, Secretary | |